UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>RUTH BAKER, a single woman, and BRITTANY BAKER, a single woman,<br><br>                Defendants. | Cause No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff State Farm Fire and Casualty Company, for its complaint against defendants, alleges as follows:

### I. PARTIES AND JURISDICTION

1.1 Plaintiff State Farm Fire and Casualty Company ("State Farm") is a corporation duly organized under the laws of the state of Illinois and has its principal place of business in Bloomington, Illinois. State Farm is licensed and does business as an insurance company in Washington, and has paid all license fees required by the state to transact such business.

COMPLAINT FOR DECLARATORY RELIEF – 1
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

7500.00142 fh06cc1921

1.2     Upon information and belief, Ruth Baker is a single woman who resides in Snohomish County, Washington.

1.3     Upon information and belief, defendant Brittany Baker is a single woman who resides in Florida.

1.4     This is an action for a declaratory judgment pursuant to USC § 2201, et seq., to determine an actual case or controversy between the parties.

1.5     This court has jurisdiction pursuant to USC § 1332, et seq., because this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

## II.     FACTUAL ALLEGATIONS

2.1     State Farm reasserts the allegations set forth in paragraphs 1.1-1.5 above as though fully set forth herein.

2.2     State Farm issued homeowners policy no. 47-77-3795-00 to defendant Ruth Baker and her husband, Claude Baker, now deceased. The policy was in effect from August 5, 1992 to August 5, 1995.

2.3     On or about January 23, 2013, defendant Brittany Baker filed a lawsuit in the Snohomish County, Washington, Superior Court against defendant Ruth Baker. That lawsuit (hereafter, "liability lawsuit") is captioned Baker v. Baker, and it is currently pending in the Snohomish County Superior Court under cause no. 13-2-02228-0. The Complaint in the liability lawsuit alleges that plaintiff Brittany Baker was sexually abused as a child by her adoptive father, Claude Baker. Brittany alleges that she is currently 26, and that she was adopted by Claude and Ruth Baker in 1988, when she was one and a half years old. She also alleges that on July 16, 1990, Claude was convicted of three counts of child molestation and sentenced to 41 months of confinement. However, he was released and returned to the family home on October 29, 1992, where Brittany, then age six, was residing. She alleges that Claude sexually abused her on a number of occasions at the family home and on family trips between late 1992 and approximately July 23, 1995. She alleges that Ruth knew or should have known

COMPLAINT FOR DECLARATORY RELIEF – 2
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

7500.00142 fh06cc1921

that Claude was sexually abusing her, but took no steps to stop or report the abuse. A copy of Brittany Baker's Complaint against Ruth Baker in the liability lawsuit is attached hereto as <u>Exhibit A</u> and incorporated in its entirety by this reference.

2.4    Defendant Ruth Baker tendered the Complaint in the liability lawsuit to State Farm for defense. By letter dated August 2, 2013, State Farm agreed to provide a reservation of rights defense to defendant Ruth Baker.

### III.    CLAIM FOR RELIEF

3.1    State Farm reasserts the allegations set forth in paragraphs 1.1-2.4 above as though fully set forth herein.

3.2    State Farm homeowners policy no. 47-77-3795-00 provides liability coverage subject to the following provisions:

### SECTION II – LIABILITY COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limits of liability.

\* \* \*

### SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to

    a.    **bodily injury** or **property damage**:

        (1)    which is either expected or intended by an **insured**; or

COMPLAINT FOR DECLARATORY RELIEF – 3
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

7500.00142 fh06cc1921

    (2) to any person or property which is the result of willful and malicious acts of an **insured**;

\* \* \*

 h. **bodily injury** to you or any **insured** within the meaning of part a. or b. of the definition of **insured**.

\* \* \*

### DEFINITIONS

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

\* \* \*

1.  "**bodily injury**" means physical harm to a person, including any resulting sickness or disease. This includes the required care, loss of services and death resulting therefrom.

  **Bodily injury** does not include:

  a. the transmission of a **communicable disease** by an **insured** to any other person;

  b. the exposure to any **communicable disease** by an **insured** to any other person;

  c. emotional distress, mental anguish, humiliation, mental injury, or similar injury unless it arises out of actual physical injury to some person.

\*\*\*

4.  "**insured**" means you and, if residence of your household:

  a. your relatives; and

  b. any other person under the age of 21 who is in the care of a person described above.

\*\*\*

7.  "**occurrence**," when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

  a. **bodily injury**; or

  b. **property damage**;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

COMPLAINT FOR DECLARATORY RELIEF – 4
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

7500.00142 fh06cc1921

\*\*\*

## SECTION I AND SECTION II – CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or **bodily injury** or **property damage** under Section II which occurs during the period this policy is in effect.

\*\*\*

3.3     Based on the terms of State Farm policy no. 47-77-3795-00, State Farm has no duty to defend and no duty to indemnify defendant Ruth Baker under the policy against the claims made by defendant Brittany Baker in the liability lawsuit, in whole or in part, for one or more of the following reasons:

   a.     Exclusion 1.a.(1) eliminates coverage for **bodily injury** expected by an **insured**. Any **bodily injury** to Brittany Baker was expected as a matter of law by Claude Baker, who was an **insured** under the policy. Accordingly, exclusion 1.a.(1) eliminates coverage.

   b.     Exclusion 1.h. eliminates coverage for **bodily injury** to any **insured** within the meaning of part a. or b. of the definition of **insured**. Brittany Baker was an **insured** under that definition. Accordingly, exclusion 1.h. eliminates coverage.

   c.     The liability insuring agreement requires that any **bodily injury** be caused by an **occurrence**, which is defined in pertinent part as an accident which results in **bodily injury**. Brittany Baker's claims as alleged in the liability lawsuit do not involve **bodily injury** caused by an accidental **occurrence** as defined and required under this policy.

   d.     Exclusion 1.a.(2) eliminates coverage for **bodily injury** which is the result of willful and malicious acts of an **insured**. Any **bodily injury** to Brittany Baker was the result of willful and malicious acts of Claude Baker, who was an **insured** under the policy. Accordingly, exclusion 1.a.(2) eliminates coverage.

COMPLAINT FOR DECLARATORY RELIEF – 5
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

7500.00142 fh06cc1921

## IV. REQUEST FOR RELIEF

WHEREFORE, State Farm Fire and Casualty Company prays for the following relief:

A.  For a declaratory judgment in its favor stating that:

   (i) policy no. 47-77-3795-00 provides no coverage to defendant Ruth Baker for the claims made by defendant Brittany Baker in the liability lawsuit;

   (ii) it has no duty to defend defendant Ruth Baker for the claims made by defendant Brittany Baker in the liability lawsuit;

   (iii) it may withdraw from the defense it is currently providing to defendant Ruth Baker for the claims made by defendant Brittany Baker in the liability lawsuit; and

   (iv) it has no duty to indemnify defendant Ruth Baker in connection with any settlement or judgment directed to the claims made by defendant Brittany Baker in the liability lawsuit.

B.  For costs and attorney's fees to the extent permitted by law; and

C.  For such other and further relief as this court may deem just and equitable.

DATED this 14th day of August, 2013.

SOHA & LANG, P.S.

By: /s/ Mary DeYoung
Mary DeYoung, WSBA # 16264
Email: deyoung@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Telephone:  206-624-1800
Facsimile:  206-624-3585
Attorneys for Plaintiff State Farm Fire & Casualty Company

COMPLAINT FOR DECLARATORY RELIEF – 6
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

7500.00142 fh06cc1921

# EXHIBIT A

07/01/2013  12:29  4254850229                CANON                                #2750 P 003/010
To:              From: STATE FARM      Fax: STATE FARM        KOFAX at: JUL-02-2013-12:03  Doc: 963  Page: 004

47-21K0-030

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

| | |
|---|---|
| BRITTANY BAKER, | NO. **13 2 02228 0** |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| RUTH BAKER; WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

COMES NOW Plaintiff Brittany Baker by and through her attorneys, TIMOTHY D. KOSNOFF, DANIEL FASY, and PRIYANKA PRAKASH, and hereby states and alleges as follows:

## I.   INTRODUCTION

1.1.   This claim arises from childhood sexual abuse that Plaintiff Brittany Baker ("Brittany") suffered at the hands of Claude E. Baker ("Claude"), her adoptive father. Claude is now deceased.

COMPLAINT FOR DAMAGES - 1 of 8

KOSNOFF FASY PLLC
(address illegible)
SEATTLE, WASHINGTON 98101-4052
PHONE: (206) 257-3530 · TOLL FREE FAX: 866-211-4481

8c1318203871   47-21K0-030

07/01/2013 12:29 4254850229  CANON  #2750 P 004/010
To:        From: STATE FARM       Fax: STATE FARM       KOFAX at: JUL-02-2013-12:03  Doc: 963  Page: 005

47-21KO-030

1.2. Defendant Ruth Baker ("Ruth"), Claude's wife and Brittany's adoptive mother, knew or should have known that Claude posed a threat of foreseeable harm to Brittany, but she failed to take reasonable steps to stop or report the abuse. Claude's and Ruth's acts and omissions caused Brittany extensive damages.

1.3. Defendant Washington State Department of Corrections ("DOC") allowed Claude to have unsupervised contact with Brittany in violation of a court-ordered condition of community placement. Claude sexually abused Brittany during these periods of unsupervised contact. DOC knew or should have known that permitting Claude to have unmonitored contact with Brittany posed a threat of foreseeable harm to Brittany, but it failed to take reasonable steps to prevent or stop the abuse. DOC's acts and omissions caused Brittany extensive damages.

## II. PARTIES

2.1 Plaintiff Brittany Baker is a twenty-six-year-old woman who currently resides in Florida. When she was a child, Brittany was sexually abused by Claude Baker, her adoptive father.

2.2 Claude Baker was a Washington State resident and the adoptive father of Plaintiff Brittany Baker. He is now deceased.

2.3 Defendant Ruth Baker was married to Claude Baker and is the adoptive mother of Plaintiff Brittany Baker. She has resided in Snohomish County, Washington at all times pertinent to this claim.

2.4 Defendant Washington State Department of Corrections ("DOC") is an agency of the State of Washington.

COMPLAINT FOR DAMAGES - 2 of 8

8c1318203872

### III. JURISDICTION AND VENUE

3.1. The Court has jurisdiction over this matter pursuant to RCW 2.08.010.

3.2 Venue is proper in this Court pursuant to RCW 4.12.025 and RCW 4.92.010(4) because Defendant Ruth Baker resides in Snohomish County.

### IV. STATEMENT OF FACTS

4.1 In 1988, when she was one-and-a-half years old, Brittany was adopted by Claude and Ruth Baker. Brittany resided with her adoptive parents in Bothell, Snohomish County, Washington.

4.2 On July 16, 1990, Claude was convicted of three counts of child molestation in the first degree in Chelan County Superior Court for fondling the vaginal area of a seven-year-old girl over her clothes, touching the vagina of a twelve-year-old girl, and forcibly having the twelve-year-old girl touch his penis.

4.3 Judge John Bridges sentenced Claude to forty one months of confinement in DOC custody and, beginning on October 29, 1992, one year of community placement under DOC supervision. As a condition of community placement, Judge Bridges ordered, "The defendant [Claude Baker] shall have no contact with minors without a responsible adult present who is aware of his criminal activity." Order on Community Placement, No. 89-1-00395-4, July 16, 1990; Amended Order on Community Placement, No. 89-1-00395-4, April 16, 1993.

4.4 Despite this court-ordered condition on community placement, DOC permitted Claude to return to the family home on October 29, 1992 where Brittany, now six years old,

COMPLAINT FOR DAMAGES - 3 of 8

and her six-year-old brother Jeffrey were living. In an interview with the Snohomish County Sherriff's Office, Ruth "acknowledged that she did not have her eye on her [Brittany] every single minute, or him [Mr. Baker]." Det. Dennis Tarragon, Snohomish County Sherriff's Office, State of Washington Uniform Incident Report No. 95-13034, August 15, 1995. Accordingly, DOC allowed Claude to have unsupervised contact with Brittany in violation of the court-ordered condition of community placement.

4.5  On July 10, 1990, DOC received a comprehensive psychosexual evaluation of Claude from his therapist, Dr. Stuart Brown. In the evaluation, Claude admitted that he had previously touched the backside of a thirteen-year-old and ten year-old girl, kissed the inner thigh and vagina of a nine-year-old girl, and had intercourse with teenage female prostitutes. He also acknowledged a history of exposing his private parts and engaging in sexual activities in public. Testing showed that Claude exhibited arousal to audiotapes depicting adult males engaged in sexual acts with eight to twelve-year-old girls, leading Dr. Brown to conclude that Claude "has a clear and definite problem with strong arousal to children." Stuart Brown, Comprehensive Psychosexual Evaluation of Claude Baker, July 3, 1990.

4.6  A presentence investigation report by a community corrections officer ("CCO") noted that, because of Claude's history of sexual contact with minor-aged victims, "there is wide concern for the safety of [the children in the home]." The CCO went on to write that "there is great concern by this writer and by the detectives involved in the case that [Claude] may indeed be molesting the children in the home." Cyndi Mauss, Presentence Investigation Criminal History Summary and Offender Management Information, June 27, 1990.

COMPLAINT FOR DAMAGES - 4 of 8

To: From: STATE FARM Fax: STATE FARM KOFAX at: JUL-02-2013-12:03 Doc: 963 Page: 008

47-21k0-030

4.7 Despite the findings in the comprehensive psychosexual evaluation and the presentence investigation report and the express condition on community placement, DOC allowed Claude to return to and reside in the family home where Brittany also resided and have unsupervised contact with Brittany.

4.8 On a number of occasions, starting in approximately late 1992, Claude sexually abused Brittany at the family home and on family trips. The abuse continued until approximately July 23, 1995.

4.9 While at the family home, Claude exposed his genitals to Brittany, fondled Brittany's genitals, and showed Brittany pornography.

4.10 During some family camping trips, Claude exposed his genitals to Brittany.

4.11 Ruth was present at the family home and on family trips when Claude sexually abused Brittany. Ruth knew or should have known that Claude was sexually abusing their daughter, but she took no steps to stop or report the abuse.

4.12 DOC had documentation of Claude's criminal history and sexual attraction to minor-aged victims and was aware of the condition on his community placement. Thus, DOC knew or should have known that Claude posed a threat of foreseeable harm to Brittany, but it allowed Claude to have unsupervised contact with Brittany and took no steps to stop or report the abuse.

COMPLAINT FOR DAMAGES - 5 of 8

47-21K0-030

## V. CAUSES OF ACTION

### A. Negligence and Breach of Fiduciary Duty (against both Defendants)

5.1 Plaintiff Brittany Baker fully incorporates all paragraphs of this Complaint as fully set forth under this cause of action and further alleges as follows.

5.2 Defendant Ruth Baker knew or should have known that her husband, Claude Baker, was repeatedly sexually abusing Brittany in the family home and on family trips. Ruth failed to exercise ordinary care to safeguard Brittany from Claude's repeated acts of abuse.

5.3 In addition, Ruth negligently failed to report the abuse to law enforcement or child protective services until after Brittany had been abused numerous times.

5.4 Defendant DOC knew or should have known that permitting Claude to have unsupervised contact with Brittany in violation of the court-ordered condition on his community placement would pose a threat to Brittany. It knew or should have known that Claude began abusing Brittany shortly after his period of community placement began. DOC failed to exercise ordinary care to protect Brittany from Claude's repeated acts of abuse.

5.5 In addition, DOC negligently failed to report the abuse to law enforcement or child protective services. This failure subjected Brittany to multiple instances of abuse.

5.4 As a result of Ruth's and DOC's negligence, Claude repeatedly sexually abused Brittany.

5.5 As a direct and proximate result of Claude's behavior and Ruth's and DOC's negligence, Brittany has suffered and continues to suffer emotional and psychological injuries, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 6 of 8

KOSNOFF FASY PLLC
1201 PIKE ST., #1610
SEATTLE, WASHINGTON 98101-4099
PHONE (206) 257-0000 - TOLL FREE FAX: 206-511-4434

47-2160.030

B. **Violation of RCW 9.68A: Sexual Exploitation of Children (against both Defendants)**

5.6   Plaintiff Brittany Baker fully incorporates all paragraphs of this Complaint as fully set forth under this cause of action and further alleges as follows.

5.7   Claude Baker's sexual assaults and exploitations of Brittany constituted violations of RCW 9.68A.090.

5.8   Pursuant to RCW 9.68A.130, Defendants Ruth Baker and DOC also violated Chapter 9.68A RCW.

5.9   Pursuant to RCW 9.68A.130, Brittany is therefore entitled to an award of the costs of this suit, including an award of reasonable attorneys' fees.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brittany Baker prays for judgment against Defendants Ruth Baker and DOC, jointly and severally, for general damages in an amount to be proven at the time of trial, for reasonable attorneys' fees and costs of suit as allowed by RCW 9.68A.130, for statutory interest and prejudgment interest, and for such other and further relief as the Court deems just and equitable.

Plaintiff Brittany Baker specifically reserves the right to pursue additional causes of action, other than those specifically outlined above, that are supported by the facts pleaded herein or that may be supported by other facts that emerge during discovery.

DATED this 22nd day of January, 2013.

COMPLAINT FOR DAMAGES - 7 of 8

```
 1
 2                                         KOSNOFF FASY PLLC
 3
                                           By: _____
 4                                             Timothy D. Kosnoff, WSBA No. 16586
                                               tim@kosnoff.com
 5
                                               Daniel Fasy, WSBA No. 37697
 6                                             dan@kosnoff.com

 7                                             Priyanka Prakash, WSBA No. 45548
                                               priyanka@kosnoff.com
 8                                             Attorneys for Plaintiff

 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
    COMPLAINT FOR DAMAGES - 8 of 8
                                                   KOSNOFF FASY PLLC
                                                   929 PIKE ST., #1010
                                                   SEATTLE, WASHINGTON 98101-4098
                                                   PHONE (206) 257-3590 · TOLL FREE FAX, 929-211-4459
```

8c1318203878